UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MARK P. BUDNIEWSKI,

                                    Plaintiff,

Case # 16-CV-540-FPG

v.

DECISION AND ORDER

NANCY A. BERRYHILL,[1] ACTING
COMMISSIONER OF SOCIAL SECURITY,

                                      Defendant.

## INTRODUCTION

      Mark P. Budniewski brings this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of the Acting Commissioner of Social Security that denied his applications for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

      Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 12, 16. For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED for further proceedings.

## BACKGROUND

      On March 21 and 29, 2012, Budniewski protectively applied for DIB and SSI with the Social Security Administration ("the SSA"). Tr.[2] 241-54. He alleged disability since March 1, 2009 due to hip pain and arthritis, migraines, a learning disability, and dyslexia. Tr. 274. Budniewski later amended his alleged disability onset date to August 8, 2008. Tr. 18, 360. On

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security and is therefore substituted for Carolyn W. Colvin as the defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).

[2] References to "Tr." are to the administrative record in this matter.

June 21, 2013 and June 13 and August 22, 2014, Budniewski and a vocational expert ("VE") appeared and testified at hearings before Administrative Law Judge Marilyn D. Zahm ("the ALJ"). Tr. 47-131, 1178-1220. On September 15, 2014, the ALJ issued a decision finding that Budniewski was not disabled within the meaning of the Act. Tr. 18-38. On May 5, 2016, the Appeals Council denied Budniewski's request for review. Tr. 1-4. Thereafter, Budniewski commenced this action seeking review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

### II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71

(1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). 20 C.F.R. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See* 20 C.F.R. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

**I.      The ALJ's Decision**

The ALJ's decision analyzed Budniewski's claim for benefits under the process described above. At step one, the ALJ found that Budniewski engaged in substantial gainful activity in July 2009, but otherwise had not engaged in substantial gainful activity since the amended alleged onset date. Tr. 21. At step two, the ALJ found that Budniewski has the following severe impairments: arthritis, migraine headaches, depression, and intellectual disability. *Id.* At step three, the ALJ found that these impairments, alone or in combination, did not meet or medically equal any Listings impairment. Tr. 21-23.

Next, the ALJ determined that Budniewski retains the RFC to frequently lift and carry up to 20 pounds and continuously lift and carry up to 10 pounds; can sit and stand for 30 minutes at a time and up to three hours in an eight-hour workday; can walk for 30 minutes at a time and up to two hours in an eight-hour workday; can frequently climb ladders and scaffolds; can tolerate frequent exposure to extreme cold and heat; can perform simple entry-level work with occasional public contact and no high-pressure time demands. Tr. 23-35.

At step four, the ALJ relied on the VE's testimony and found that Budniewski cannot perform his past relevant work. Tr. 35-36. At step five, the ALJ relied on the VE's testimony and found that Budniewski can adjust to other work that exists in significant numbers in the national economy given his RFC, age, education, and work experience. Tr. 36-37. Specifically, the VE testified that Budniewski could work as a bench assembler, inspector, and electrical accessories assembler. Tr. 37.

The ALJ then noted that on March 25, 2013, Budniewski turned 55 years old and that, given his RFC, age, education, and work experience, Medical-Vocational Rule 202.01 directed a

finding of "disabled." Tr. 37-38. Accordingly, the ALJ concluded that Budniewski was not "disabled" before March 25, 2013, but that he became disabled on that date (when his age category changed) and continued to be disabled through the date of her decision. Tr. 38.

## II. Analysis

Budniewski argues that remand is required with respect to the finding that he was not disabled before March 25, 2013, because the ALJ improperly weighed the opinion of consultative examiner Kevin Duffy, Psy.D.[3] ECF No. 12-1 at 24-26; ECF No. 17 at 2-3. Specifically, Budniewski asserts that the ALJ erred when she adopted the less restrictive portions of Dr. Duffy's opinion and failed to explain why she rejected the more severe portions of his opinion. The Court agrees.

The SSA's regulations require the ALJ to "evaluate every medical opinion [she] receives, regardless of its source." *Pena v. Chater*, 968 F. Supp. 930, 937 (S.D.N.Y. 1997), *aff'd*, 141 F.3d 1152 (2d Cir. 1998); 20 C.F.R. §§ 404.1527(c), 416.927(c). Unless a treating source's opinion is given controlling weight, the ALJ must consider the following factors when she weighs a medical opinion: (1) whether the source examined the claimant; (2) the length, nature, and extent of the treatment relationship; (3) whether the source presented relevant evidence to support the opinion; (4) whether the opinion is consistent with the record as a whole; (5) whether the opinion was rendered by a specialist in his or her area of expertise; and (6) other factors that tend to support or contradict the opinion. 20 C.F.R. §§ 404.1527(c)(1)-(6), 416.927(c)(1)-(6).

An ALJ is not required to "reconcile explicitly every conflicting shred of medical testimony," *Dioguardi v. Comm'r of Soc. Sec.*, 445 F. Supp. 2d 288, 297 (W.D.N.Y. 2006) (citation

---

[3] Budniewski advances other arguments that he believes warrant reversal of the Commissioner's decision. ECF No. 12-1 at 17-24, 26-33; ECF No. 17. However, the Court will not address those arguments because it disposes of this matter based on the improper evaluation of Dr. Duffy's opinion.

5

omitted), and "[t]here is no absolute bar to crediting only portions of medical source opinions." *Younes v. Colvin*, No. 1:14-CV-170 (DNH/ESH), 2015 WL 1524417, at *8 (N.D.N.Y. Apr. 2, 2015). However, where the ALJ's "RFC assessment conflicts with an opinion from a medical source, the [ALJ] must explain why the opinion was not adopted." *Dioguardi*, 445 F. Supp. 2d at 297 (quoting S.S.R. 96-8p, 1996 WL 374184, at *7 (S.S.A. July 2, 1996)). Accordingly, when an ALJ adopts only portions of a medical opinion she must explain why the remaining portions were rejected. *Raymer v. Colvin*, No. 14-CV-6009P, 2015 WL 5032669, at *5 (W.D.N.Y. Aug. 25, 2015) (citing *Younes*, 2015 WL 1524417, at *8 (although an ALJ is free to credit only a portion of a medical opinion, "when doing so smacks of 'cherry picking' of evidence supporting a finding while rejecting contrary evidence from the same source, an [ALJ] must have a sound reason for weighting portions of the same-source opinions differently")).

Here, the ALJ did not afford controlling weight to the opinion of Budniewski's treating psychiatrist Herman Szymanski, M.D.,[4] and therefore she was required to evaluate Dr. Duffy's opinion pursuant to the factors outlined above. *See* 20 C.F.R. §§ 404.1527(c)(1)-(6), 416.927(c)(1)-(6). Dr. Duffy diagnosed Budniewski with "suspected cognitive deficits,"[5] and

---

[4] The ALJ is reminded on remand that she must give controlling weight to a treating opinion when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). If the ALJ discounts the treating opinion, she must "comprehensively set forth [her] reasons" for doing so. *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004); 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2) ("We will always give *good reasons* in our notice of determination or decision for the weight we give [the claimant's] treating source's opinion.") (emphasis added). Even if the ALJ declines to afford "controlling" weight to the treating opinion, she must consider the regulatory factors when determining how much weight it should receive. *See* 20 C.F.R. §§ 404.1527(c)(1)-(6), 416.927(c)(1)-(6).

[5] Plaintiff argues that in light of this diagnosis, the evidence of record, and the ALJ's step two finding that his intellectual disability constituted a severe impairment, the ALJ improperly found him "not entirely credible" based in part on his noncompliance with treatment recommendations without first considering any legitimate explanation for that failure. ECF No. 12-1 at 33; ECF No. 17 at 9-10. The Court reminds the ALJ that she "must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment." S.S.R. 96-7p, 1996 WL 374186, at *7 (S.S.A. July 2, 1996). Moreover, the ALJ should consider whether Budniewski's cognitive deficits or lack of insight into his own limitations contributed to the failure to continue recommended treatment. *See*

opined that he can follow and understand simple directions and instructions; perform simple tasks independently; maintain a regular schedule; make appropriate decisions; relate adequately with others; and deal appropriately with stress. Tr. 456. Dr. Duffy also opined, however, that Budniewski has difficulty maintaining attention and concentration and learning new tasks. *Id.* Specifically, Dr. Duffy explained that Budniewski can "generally learn new tasks, although cognitive functioning is believed to be somewhat deficient" and can "perform complex tasks independently, but may need additional repetition to learn tasks." *Id.* Dr. Duffy concluded that the results of his examination "appear to be consistent with some suspected cognitive problems" but that "it is not clear that these are significant enough to interfere with [Budniewski]'s ability to function on a daily basis at this time." *Id.*

The ALJ summarized Dr. Duffy's examination findings and opinion and afforded it only "some weight." Tr. 29, 35. Specifically, the ALJ afforded "some weight" to Dr. Duffy's opinion regarding Budniewski's "ability to do simple work as his opinion is consistent with [Budniewski]'s treatment notes, [the medical expert]'s testimony, and [Budniewski]'s functioning." Tr. 35.

The ALJ's RFC assessment ignores Dr. Duffy's opinion that Budniewski has difficulty maintaining attention and concentration and learning new tasks. The ALJ was not obligated to adopt Dr. Duffy's opinion verbatim. *See, e.g.*, *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) (citation omitted) (summary order) (noting that the ALJ's conclusion may not "perfectly correspond" with any medical opinion because she is "entitled to weigh all of the evidence available to make an RFC finding that [is] consistent with the record as a whole"). She was required, however, to explain why she rejected the more restrictive portions of Dr. Duffy's opinion.

---

*Kennerson v. Astrue*, No. 10-CV-6591 MAT, 2012 WL 3204055, at *13 (W.D.N.Y. Aug. 3, 2012) ("In addition, the ALJ failed to take into account Plaintiff's borderline intellectual functioning and lack of insight into her own limitations, which were likely contributors in her failure to continue mental health treatment.").

7

*See* S.S.R. 96-8p, 1996 WL 374184, at *7 ("If the RFC assessment conflicts with an opinion from a medical source, the [ALJ] must explain why the opinion was not adopted.").

This explanation was especially important because other evidence of record indicates that Budniewski had difficulty maintaining attention and concentration and learning new tasks. Gregory Fabiano, Ph.D., opined, for example, that Budniewski has moderate limitations maintaining attention and concentration and that he has moderate-to-marked limitation learning new tasks due to cognitive deficits. Tr. 708. Treating psychiatrist Dr. Szymanski opined that Budniewski is impaired in his ability to concentrate and persist in task. Tr. 755. Amelia Barone, RN opined that Budniewski cannot carry out short, simple, or detailed instructions or maintain attention for two-hour segments, and that he would be "off task" more than 30% of a normal workday.[6] Tr. 1065.

Moreover, the only mental opinion to which the ALJ afforded "great weight" did not assess Budniewski's ability to maintain attention and concentration and learn new tasks. Tr. 27, 1194-95. Specifically, the ALJ afforded "great weight" to the opinion of medical expert Jerry Cottone, Ph.D. who found that Budniewski cannot work in fast-paced jobs but can follow simple directions, make simple work-related decisions, act appropriately with coworkers and the public, maintain a schedule, adapt to changes in a work routine, and perform a simple, entry-level job. Tr. 27, 35.

The Commissioner asserts that the ALJ was not obligated to adopt Dr. Duffy's opinion regarding attention, concentration, and learning new tasks because it was "speculative" and that the ALJ accounted for these limitations by restricting Budniewski to simple entry-level work without high-pressure demands. ECF No. 16-1 at 24 (citing Tr. 23, 35). However, the ALJ did

---

[6] The ALJ discounted Dr. Fabiano, Dr. Szymanski, and RN Barone's opinions, and, although the Court declines to consider whether that was proper, she is reminded on remand to evaluate each opinion in accordance with the regulatory factors. *See* 20 C.F.R. §§ 404.1527(c), 416.927(c).

8

not cite these reasons for ignoring those portions of Dr. Duffy's opinion and declining to adopt related RFC limitations, and the Commissioner may not substitute her own rationale when the ALJ failed to provide one. *See Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999) ("A reviewing court may not accept appellate counsel's *post hoc* rationalizations for agency action.") (quotation marks and citation omitted).

Accordingly, for the reasons stated, the Court finds that the ALJ erred when she evaluated Dr. Duffy's opinion and that remand is required.

## CONCLUSION

Plaintiff's Motion for Judgment on the Pleadings (ECF No. 12) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 16) is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel,* 209 F.3d 117, 124 (2d Cir. 2000). Because Plaintiff filed his application nearly six years ago, the Court directs the Commissioner to expedite the remand and review of this matter. The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: January 12, 2018
Rochester, New York

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court